August 22, 1979

## 79-61   MEMORANDUM OPINION FOR THE SECRETARY OF AGRICULTURE

### Animal Welfare Act (7 U.S.C. § 2131 *et seq.*)— Commerce—Application to Intrastate Activity

This is in response to your request for the opinion of the Department of Justice on the scope of coverage of the Animal Welfare Act, 7 U.S.C. § 2131 *et seq.* Specifically, you inquire whether the Act applies to activities that are entirely intrastate. The occasion for your question is the recent refusal by the U.S. Attorneys for the Eastern District of Pennsylvania and the Eastern District of Illinois to prosecute cases referred to them by your Department on the ground that the Act extends only to interstate transactions. For reasons stated hereafter, we believe that Congress intended the Act to cover purely intrastate activities otherwise falling within its provisions.[1]

The Animal Welfare Act was enacted in 1966 as Pub. L. No. 89–544, 80 Stat. 350. As stated in its preamble, its purpose was "to prevent the sale or use of dogs and cats which have been stolen, and to insure that certain animals intended for use in research facilities are provided humane care and treatment," by regulating certain activities "in commerce." This term was defined in § 2(c) of the Act as follows:

> The term "commerce" means commerce between any State, territory, possession, or the District of Columbia, or the Commonwealth of Puerto Rico, and any place outside thereof; or between points within the same State, territory, or possession, or the District of Columbia, or the Commonwealth of Puerto Rico, but through any place outside thereof; or within any territory, possession, or the District of Columbia.

---

[1] Nothing in this opinion should be viewed as expressing our views on any question other than the narrow legal issue regarding the general application of the Animal Welfare Act to purely intrastate activities.

In 1970, the definitional section of the Act was amended. The definition of "commerce" in § 2(c) was expanded to include "trade traffic * * * [and] transportation," as well as "commerce." A new § 2(d) added a new definition for "affecting commerce:"

> The term "affecting commerce" means in commerce or burdening or obstructing or substantially affecting commerce or the free flow of commerce, or having led or tending to lead to the inhumane care of animals used or intended for use for purposes of research, experimentation, exhibition, or held for sale as pets by burdening or obstructing or substantially affecting commerce or the free flow of commerce.

According to the House report accompanying the 1970 bill, this addition was

> intended to broaden the authority under the Act to regulate persons who supply animals which are intended for use in research facilities, for exhibition, or as pets. [H. Rept. 1651, 91st Cong., 2d sess. 9 (1970).]

More important, subsequent sections of the Act regulating specific activities were revised to cover activities "affecting commerce," rather than simply those "in commerce." *See, e.g.,* § 4, 7 U.S.C. § 2134 (transportation of animals); § 11, 7 U.S.C. § 2140 (identification of animals for transportation). We believe these amendments reflect Congress' intention to expand the Act's coverage beyond those activities that are "in commerce" in the strict sense and to reach activities that merely "affect" interstate commerce. This expanded coverage in turn reflects Congress' determination that certain specified activities have a sufficient effect on commerce among the States to require regulation, even if they take place entirely within one State.

The 1976 Amendments to the Animal Welfare Act confirm Congress' intent that the Act should extend to intrastate activities. Its preamble, § 1(b), 7 U.S.C. § 2131(b), was revised to incorporate the specific congressional findings underlying the regulatory system imposed by the Act. It now reads in pertinent part as follows:

> The Congress finds that *animals and activities which are regulated under this Act are either in interstate or foreign commerce or substantially affect such commerce* or the free flow thereof, and that regulation of animals and activities as provided in this Act is necessary to prevent and eliminate burdens upon such commerce and to effectively regulate such commerce * * *. [Emphasis added.]

If there had been any doubt of the coverage of the Act prior to 1976, the amended preamble makes clear that all activities regulated under the Act, including those confined to a single State, are governed by its provisions.

In further clarification of this point, the definition of "commerce" itself now found in 7 U.S.C. § 2132(c) was revised to consolidate former §§ 2(c) and 2(d), so that the term "commerce" as used in the Act includes both traffic between States and traffic that merely "affects" such interstate traffic generally:

> The term "commerce" means trade, traffic, transportation, or other commerce—
>
> (1) between a place in a State and any place outside of such State, or between points within the same State but through any place outside thereof, or within any territory, possession, or the District of Columbia;
>
> (2) which affects trade, traffic, transportation, or other commerce described in paragraph (1).

We believe that this provision, read in the context of the other provisions of the Act and its legislative history, must be construed to provide two distinct definitions of "commerce" for purposes of the Act's coverage.[2] Any other construction would make meaningless, or at best redundant, the 1970 and 1976 amendments to the Act. We are, therefore, of the opinion that the Animal Welfare Act applies to activities that take place entirely within one State, as well as to those that involve traffic across State lines.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2]If Congress had used the conjunction "and" between subparagraphs (1) and (2), it would be at least arguable that it would not have succeeded in carrying out its plain intent to expand coverage of the Act to purely intrastate activities that affect interstate commerce. Congress, however, did not use "and" to conjoin subparagraphs (1) and (2) but rather did not use a connective word.